IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JOSEPH KENNERLY, III, | § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | |
| | § | CASE NO. <u>3:21-cv-008</u> |
| THE UNITED STATES OF AMERICA, DEPARTMENT OF THE ARMY, FORT BLISS, and U.S. GENERAL SERVICES ADMINISTRATION, | § § § § § | |
| *Defendants.* | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Joseph Kennerly, III, and files his Original Compliant against Defendants the United States of America, Department of the Army, Fort Bliss, and US General Services Administration (collectively "Defendants"). In support thereof, Plaintiff would respectfully show the Court as follows:

**I.**
**PARTIES**

1.1   Plaintiff, JOSEPH KENNERLY, III (hereinafter "Kennerly"), is a natural person and a resident of El Paso, El Paso County, Texas.

1.2   Defendant, THE UNITED STATES OF AMERICA is being sued pursuant to 28 U.S.C. § 2674. It may be served by delivering a copy of the summons and this complaint by registered or certified mail to: Civil-Process Clerk, United States Attorney's Office, Western District of Texas, 700 East San Antonio, Suite 200, El Paso, Texas 79901; and to Jeffrey A. Rosen, United States Attorney General, United States Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-0001.

1.3     Defendant, DEPARTMENT OF THE ARMY, is a United States military department that reports to the U.S. Department of Defense (hereinafter "Army") , who may be served by serving the Secretary of the Army, 101 Army Pentagon, Washington, DC 20310-0101.

1.4     Defendant, FORT BLISS is an army base that operates under the Department of the Army. Fort Bliss may be served with process by and at HQ, US Army Garrison, Fort Bliss, ATTN: IMBL-ZA, 1741 Marshall Road, Fort Bliss, Texas 79916.

1.5     Defendant, US GENERAL SERVICES ADMINISTRATION (hereinafter "GSA"), who may be served by and through the Armed Forces Retirement Home, by the Office of the General Counsel 3700 North Capital Street, NW, Box 580, Washington, D.C. 20011.

## II.
### VENUE AND JURISDICTION

2.1     Venue is mandatory and proper in this District and Division pursuant to 28 U.S.C. § 1391(e)(1) and 28 U.S.C. § 1402(b) because the United States of America is a defendant in this action and a substantial part of the events or omissions giving rise to the claim occurred in this district and division, and because Plaintiff resides in this district and division.  The Defendants' acts that make the basis of this lawsuit occurred in El Paso County, Texas, which is located in the El Paso Division of the Western District of Texas, and Plaintiff is a resident of El Paso County, Texas.  Alternatively, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Texas.

2.2     The claims made in this action are asserted in conformity with the waiver of sovereign immunity articulated in the Federal Tort Claims Act.  *See* 28 U.S.C. § 2674.  This Court has exclusive jurisdiction to hear Federal Tort Claims Act actions.  *See* 28 U.S.C. §

1346(b).  Alternatively, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this Court has federal question subject matter jurisdiction.

2.3    Plaintiff made presentment of his claim in writing to the appropriate federal agency within two years after the claim accrued, using an executed Standard Form 95, as required by the Federal Tort Claims Act on May 28, 2020.  *See* 28 U.S.C. §§ 2401(b), 2675(a); 28 C.F.R. § 14.2(a).  The executed form is appended to this Complaint as **Exhibit A**.  This action has been commenced less than six months after July 15, 2020, which was the date upon which the Department of the Army mailed the notice of denial of that claim that was presented to it.  *See* 28 U.S.C. § 2401(b).  The notice of denial is appended to this Complaint as **Exhibit B**.

2.4    This Court has general personal jurisdiction over Defendant Fort Bliss as it is domiciled in El Paso, El Paso County, Texas. Defendant Fort Bliss is "at home" in Texas for the purposes of an exercise of *in personam* jurisdiction by a federal court within the State of Texas.

2.5    Plaintiff alleges that this Court has specific *in personam* jurisdiction over the United States of America (and all other Defendants), because this case arises out of conduct that occurred in El Paso, El Paso County, Texas.  The United States of America and the other Defendants have purposefully directed their activities to the State of Texas and have engaged in tortious activity with the State of Texas. The claims made against the United States of America and all Defendants in this action arise directly and foreseeably from their conduct in Texas.

2.6    The exercise of  *in personam* jurisdiction over the United States of America and all other Defendants, whether under a general or specific jurisdiction theory comports with due process and does not offend traditional notions of fair play and substantial justice.

### III.
### CONDITIONS PRECEDENT

3.1     All conditions precedent to bringing this action have been performed or have occurred.

### IV.
### FACTUAL BACKGROUND

4.1     On May 28, 2018, a motor vehicle accident involving a single van occurred in Reeves County, Texas. At the time of this incident, the van was owned by the United States through either the General Services Administration or Fort Bliss. This van was operated and maintained by United States Army personnel at Fort Bliss. The repairs, maintenance, and inspections performed on the subject van were all made in El Paso County.

4.2     On the day of the accident, Plaintiff Kennerly, a member of the Fort Bliss Army Basketball team, was operating the subject van. Plaintiff alleges the subject van overturned and rolled due to tread-belt separation of the vehicle's right rear tire. The accident resulted in four fatalities.

4.3     Mr. Kennerly's claims in this action do not arise from and are not incident to service in any branch of the United States military.

4.4     Said accident was proximately caused by the negligence of The United States, the Army, Fort Bliss, and GSA. A state inspection was performed 40 days before the accident on April 18, 2018, in El Paso County, wherein Defendants failed to use ordinary care to ensure proper maintenance was performed on the vehicle. The tires were improperly inspected by Defendants, who neglected the age, safety, durability, and properties of the subject Radar Tire. Due to the negligence outlined above, Plaintiff Kennerly sustained significant injuries and damages.

## CAUSES OF ACTION AGAINST DEFENDANTS
## THE UNITED STATES, THE ARMY, FORT BLISS, AND GSA

### V.
### NEGLIGENCE AND VICARIOUS LIABILITY

5.1     Defendants United States, United States Army, Fort Bliss, and GSA committed actions of omission and commission, which collectively and severally constituted negligence, and that negligence proximately caused the crash in question and Plaintiff's damages.

5.2     Under Texas law, Defendants United States, United States Army, Fort Bliss, and GSA generally owed a duty to Plaintiff to exercise ordinary care. Defendants' acts or omissions of negligence include, without limitation, one or more of the following:

(a) Failing to follow standard safety protocol with regard to the servicing of its vehicle;

(b) Failing to exercise ordinary care in the inspection, servicing, maintenance, and repair of its vehicle after undertaking to inspect the vehicle while within its control;

(c) Failing to exercise ordinary care in ensuring proper maintenance of its vehicle;

(d) Failing to exercise ordinary care in inspecting its vehicle before allowing the vehicle to be rented;

(e) Failing to exercise ordinary care in inspecting the tires of its vehicle before allowing the vehicle to be rented;

(f) Failing to exercise ordinary care in advising or notifying drivers to check the vehicle;

(g) Failing to exercise ordinary care in advising or notifying drivers to inspect the vehicle's tires prior to use;

(h) Failing to exercise ordinary care in training employees/agents to check the maintenance of the vehicle; and,

(i) Failing to exercise ordinary care in training employees/agents to inspect the tires before leasing the vehicle or otherwise permitting it to be used.

5.3    Additionally, under the law of the State of Texas, the place where the accident occurred, a private person would be liable in negligence for personal injury damages to Mr. Kennerly under the circumstances from which this claim arises.  *See* 28 U.S.C. § 1346(b); *Johnson v. Sawyer*, 47 F.3d 716, 727 (5th Cir. 1995).  Specifically, under Texas law, when a person undertakes to perform services for compensation or gratuitously for another, he or she assumes a duty to use reasonable care in carrying out those services. *See Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837-38 (Tex. 2000) (citing RESTATEMENT (SECOND) OF TORTS §§ 323, 324A).

5.4    Army Regulation 58-1 governs the Management, Acquisition, and Use of Motor Vehicles, and "prescribes policies, responsibilities, and procedures for the management, acquisition, and use of Army-owned, Army-leased, or otherwise controlled non-tactical vehicles."  *See* ARMY REG. 58-1, Ch. 1-1.  In the version of Regulation 58-1 promulgated in 2014, Chapter 10 details the maintenance management of Army vehicles and repeatedly provides that Army personnel are generally obligated to inspect and service vehicles owned or controlled by the Army.  *See* ARMY REG. 58-1, Ch. 10-1 et seq. That obligation, moreover, includes more specific requirements to inspect, service, maintain, and repair Army-owned or controlled vehicles.  *Id.*  Even more precisely, chapter 10-2(a) provides for the establishment of specific inspection procedures and the development of checklists for Preventative Maintenance Checks and Services, and expressly includes "inflating tires to proper pressure" and "changing defective tires" to be among the matters to be assessed in such inspections.  *See* ARMY REG. 58-1, Ch. 10-2.  These regulations - and the duties they impose - apply to "all categories of Army-owned or controlled motor vehicles of commercial design."  *See* ARMY REG. 58-1, Ch. 1-5.  These regulations are unquestionably intended to protect the safety of those who operate qualifying Army-owned or controlled vehicles.  As previously alleged, the vehicle involved in the accident that gives rise to this

action was either Army-owned or controlled and, thus, subject to the requirements of Army Regulation 58-1.

5.5    By promulgating and applying Regulation 58-1's requirements to conduct ongoing inspection, service, maintenance, and repair of Army-owned or controlled vehicles, the Defendants undertook to provide services to those who use such vehicles, including Mr. Kennerly.  *See, e.g., Murray v. Nabors Well Serv.*, No. 08-18-00187-CV, 2020 WL 401837, at *6 (Tex. App.--El Paso Jan. 24, 2020, no pet.) (services undertaken by defendant must be "for the benefit of the plaintiff, whether the plaintiff is the person being assisted or a third party.").

5.6    Under Texas law, the undertaking of those tasks to provide for the safety of the vehicle driven by Mr. Kennerly (whether for compensation or not) obligated Defendants to exercise ordinary care in the inspection, service, maintenance, and repair that vehicle. *See, e.g., Howard v. Wal-Mart*, No. 10-09-00246-CV, 2010 WL 3784918, at *2 (Tex. App.--Waco Sept. 29, 2010, no pet.) (retailer who installed tires on vehicle and performed other maintenance upon that vehicle owed duty of care to driver under negligent undertaking theory recognized in *Torrington Co.*).  The failure to exercise ordinary care in performing that undertaking is negligence where the failure is a proximate cause of the occurrence and the claimant's injuries.

5.7    Defendants failed to exercise ordinary care in inspecting, maintaining, servicing, and repairing the subject vehicle after undertaking to inspect, maintain, service, or repair it for the safety of those who would make use of those vehicles, including Mr. Kennerly. Defendants also failed to use ordinary care to follow standard safety protocols with regard to the servicing of the vehicle; failed to exercise ordinary care in inspecting the vehicle's tires before leasing the vehicle or otherwise permitting it to be used (or advising or notifying those who lease or use such vehicles to inspect the tires before using the

vehicle); and failed to exercise ordinary care in training employees or agents to inspect the vehicle and its tires before leasing the vehicle or otherwise permitting it to be used. Plaintiff's claims are based upon allegations of direct negligence by Defendants.

5.8     Defendants' failure to exercise ordinary care in any or all of the foregoing respects was a proximate cause of the May 28, 2018 accident and of Mr. Kennerly's serious injuries arising from that accident.

## VI.
### PLAINTIFF'S DAMAGES

6.1     As a producing, direct and proximate result of the accident, injuries, and damages for which the Defendants are liable, the Plaintiff seeks and is entitled to general, special, economic, and noneconomic damages as applicable to the Plaintiff in an amount in excess of the minimum jurisdictional limits of the court, as determined to be just and fair by the jury. Such damages include, but are not necessarily limited to:

(a) Past and future physical pain and suffering;

(b) Past and future mental anguish;

(c) Past and future medical expenses;

(d) Past and future lost wages;

(e) Past and future loss of earning capacity;

(f)  Past and future physical impairments;

(g) Past and future disfigurement; and,

(h) Past and future loss of enjoyment of life.

## VII.
### DEMAND FOR JURY TRIAL

7.1     Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

---

## VIII.
### PRAYER FOR RELIEF

8.1     WHEREFORE, Plaintiff prays that Defendants be cited to appear and answer herein, that Plaintiff recover judgement of and from Defendants for his actual damages, in such an amount as the evidence shows and the jury determines to be proper, together with pre-judgment interest and post-judgment interest, costs of suit, and such other and further relief to which Plaintiff may show himself to be justly entitled, whether at law or in equity.

Respectfully Submitted,

WATTS GUERRA LLP
4 Dominion Drive, Building 3 – Suite 100
San Antonio, Texas 78257
Telephone: 210.447.0500
Fax: 210.447.0501

By:      /s/ Shalimar Wallis
MIKAL C. WATTS
State Bar No. 20981820
Email: mcwatts@wattsguerra.com
FRANCISCO GUERRA, IV
State Bar No. 00796684
Email: fguerra@wattsguerra.com
SHALIMAR S. WALLIS
State Bar No. 24033191
Email: swallis@wattsguerra.com

And

DC LAW, PLLC
1012 W. Anderson Lane
Austin, Texas 78757
Telephone: 512.220.1800
Fax: 512.220.1801

KENT KIRKPATRICK
State Bar No. 00795059
Email: kent@texasjustice.com

ATTORNEYS FOR PLAINTIFF